# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BALSAM COFFEE SOLUTIONS INC. | § | |
| | § | |
| v. | § | NO. 6:09-CV-89 |
| | § | |
| FOLGERS COFFEE COMPANY, et al. | § | |

## MEMORANDUM OPINION AND ORDER

The Court hereby vacates its previous order (Doc. No. 96) and substitutes the following to correct inconsistent deadlines:

Before the Court is Defendants Folgers Coffee Company, J.M. Smucker Company, Kraft Foods Inc., Kraft Foods Global Inc., Kraft Foods Holding Inc., Melitta USA Inc., and European Coffee Classic's, Inc.'s (collectively "Defendants") Motion to Compel a Response to Interrogatory No. 5 Seeking Balsam's Infringement Contentions (Doc. No. 83). Plaintiff Balsam Coffee Solutions Inc. ("Plaintiff") filed a response (Doc. No. 85) and Defendants filed a reply (Doc. No. 91).[1] Having considered the parties' submissions, the Court **GRANTS** Defendants' motion. The Court **ORDERS** Plaintiff to answer Interrogatory No. 5 by December 16, 2009, in accordance with this Order.

## BACKGROUND

Defendants seek a full and timely response to Interrogatory No. 5. Interrogatory No. 5 reads:

> For each method practiced by any of the Defendants that [Plaintiff] alleges is infringing or has infringed any claim of any of the '086 patent, separately identify each claim [Plaintiff] alleges is or has been infringed by the Defendants, provide a narrative setting forth a detailed basis for [Plaintiff's] infringement allegations as well as a claim chart providing an element-by-element (or step-by-step) comparison of each method practiced with each claim allegedly infringed (indicating whether [Plaintiff] claims the claims are

---

[1] Defendants represented that Defendants J.M. Smucker Co. and Folgers Coffee Co. reached an agreement in principle to resolve Plaintiff's claims and did not join in the filing of the reply.

infringed literally or under the doctrine of equivalents), and identify all evidence and documents supporting [Plaintiff's] infringement contentions.

Subject to several objections, Plaintiff responded:

[Plaintiff] refers to its submissions under P.R. 3-1, including its Disclosure of Asserted Claims and Infringement Contentions for each Defendant, which [Plaintiff] incorporates by reference. [Plaintiff] believes that the products produced by the accused processes, the Defendants' knowledge of the patented processes, Melitta's history with the patented processes, the layout and operation processes themselves, testimony of various engineers and operators familiar with the accused processes, and Defendants' documents relating to the accused processes will support those contentions. To the extent that non-privileged documents exist response to this interrogatory, they have already been produced, and [Plaintiff] directs Defendants to those documents for further response to this interrogatory.

On September 4, 2009, Defendants identified deficiencies with Plaintiff's response. Defendants explained that, unlike P.R. 3-1, Interrogatory No. 5 requested a complete explanation of the basis for Plaintiff's infringement contentions. Defendants requested Plaintiff to address, at a minimum:

- What is the basis for alleging that Defendants satisfy the "modified oxygen depleted atmosphere" limitation?

- What is the basis for alleging Defendants satisfy either of the "directly" limitations?

- What is the basis for alleging that Defendants satisfy the "minimal delay" limitation, i.e., what is the delay between process steps for each of the accused processes and why do you contend it is "minimal"?

In subsequent correspondence, Plaintiff refused to elaborate its response on the basis that its answer will be shaped by claim constructions that were not yet due. Defendants found Plaintiff's explanation unpersuasive and reiterated the specific points they wanted addressed. Further attempts

at resolving the dispute were unsuccessful and the matter was brought to the Court.

## PARTIES' CONTENTIONS

Defendants oppose Plaintiff's objection that their interrogatory contention is premature. Defendants argue Plaintiff's infringement contentions are vague and insufficient to provide them with the notice necessary to prepare their defense. Defendants contend Plaintiff possesses adequate information to articulate a basis for its infringement contentions. Countering Plaintiff's assertion that it can not answer Interrogatory No. 5 until after claim construction, Defendants argue that Plaintiff's failure to answer hampers their own preparations for claim construction. Defendants speculate that Plaintiff's objection is motivated by gamesmanship. They surmise that Plaintiff is "holding back explanations of its infringement theories now in the hopes that it can change theories, if necessary, after the Court's ruling of claim construction." PL'S MOT. at 9.

Defendants also contend that, to the extent Plaintiff has answered Interrogatory No.5, the answer is inadequate. Plaintiff's incorporation by reference of its P.R. 3-1 disclosures, Defendants argue, is insufficient because it fails to explain how accused processes meet the limitations of the asserted claims and whether they are met literally and under the doctrine of equivalents. Defendants characterize Plaintiff's P.R. 3-1 charting as conclusory, unsupported parroting of the claim language. With Interrogatory No. 5, Defendants seek explanation as how the accused processes allegedly infringe.

Plaintiff argues its objection should be upheld because answering the interrogatory at this time would be prejudicial and inefficient. Plaintiff contends it would need to create and provide expert-type opinion and analysis far earlier in the course of litigation than either it expected or the scheduling order requires. If ordered to answer, Plaintiff represents that it could retain an expert to

3

prepare a preliminary analysis, but argues that such analysis would be subject to change based on the Court's claim construction and information obtained during the remainder of fact discovery. Plaintiff further argues that it will be required to explore several contingencies to account for multiple claim construction possibilities and an incomplete factual record, and thus will produce an answer that is broader is scope than what it would produce when expert reports are due. Therefore, Plaintiff requests the Court postpone an answer until the time for expert reports, or at least until discovery closes.

## **DISCUSSION**

In addition to its general objections, Plaintiff objected to Interrogatory No. 5 on the grounds that it was a premature contention interrogatory and prematurely called for information that is the subject of expert testimony. Plaintiff indicated its intention to follow the docket control order for serving its contentions and expert reports.

Parsing Interrogatory No. 5, the Court finds, for each allegedly infringing method practiced by any of the Defendants, it requested:

1. "separately identify each claim [Plaintiff] alleges is or has been infringed by the Defendants";

2. "provide a narrative setting forth a detailed basis for [Plaintiff's] infringement allegations";

3. provide a "claim chart providing an element-by-element (or step-by-step) comparison of each method practice with each claim allegedly infringed";

4. for each charted element or step, "indicat[e] whether [Plaintiff] claims the claims are infringed literally or under the doctrine of equivalents"; and

5. "identify all evidence and documents supporting [Plaintiff's] infringement contentions."

Patent Rule 2-5 explains:

> A party may object . . . to responding to the following categories of discovery requests . . . on the ground that they are premature in light of the timetable provided in the Patent Rules:
>
> (a) Requests seeking to elicit a party's claim construction position;
>
> (b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
>
> \* \* \*
>
> Where a party properly objects to a discovery request . . . as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

Category (b) of P.R. 2-5 permits objections to discovery requests seeking information normally addressed by P.R. 3-1 disclosures. Patent Rule 3-1 addresses identifying each alleged claim, *see* P.R. 3-1(a), element-by-element (or step-by-step) charting, *see* P.R. 3-1(c), and identifying whether each element is literally present or present under the doctrine of equivalents. *See* P.R. 3-1(d). Requests 1, 3, and 4 of Interrogatory No. 5 sought to elicit information addressed by P.R. 3-1.[2] An objection to such requests as premature would have been appropriate until the deadline for Plaintiff's P.R. 3-1 disclosures. Interrogatory No. 5 was served after the P.R. 3-1 deadline; thus, it would have been improper to object to requests 1, 3, and 4 of Interrogatory No. 5 as premature. Plaintiff sufficiently responded to these requests, however, by incorporating by reference its P.R. 3-1 disclosures. To the extent Defendants find Plaintiff's P.R. 3-1 disclosures insufficient, Defendants should challenge the disclosures directly.

---

[2] P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions sought by request 5 of Interrogatory No. 5.

Category (a) of P.R. 2-5 permits objections to discovery requests seeking to elicit claim construction positions, information normally addressed by P.R. 4-2. It is not clear what was sought by request 2 of Interrogatory No. 5 ("a narrative setting forth a detailed basis for [Plaintiff's] infringement allegations"), but it appears the specific points Defendants identified in their correspondence are representative of some of that information. Those points essentially sought Plaintiff's claim construction position on the terms "modified oxygen depleted atmosphere," "directly," and "minimal delay." To the extent request 2 of Interrogatory No. 5 sought such information, an objection as premature was appropriate because the request was served prior to the deadline for P.R. 4-2 disclosures.[3] To the extent request 2 did not seek such information, Plaintiff should have answered it.

Request 5 of Interrogatory No. 5 does not fall into the categories of discovery requests identified by P.R. 2-5. Plaintiff should have identified all evidence and documents supporting its infringement contentions as requested.

Plaintiff expressed concern about retaining an expert at an early stage in this litigation to prepare a report that takes into account various contingencies. Plaintiff's concern is misplaced. As Defendants concede in their reply brief, an adequate answer to Interrogatory No. 5 does not require expert opinion. Plaintiff simply needs to articulate the basis for its infringement theory. While this narrative may aid Defendants understanding of Plaintiff's P.R. 3-1 disclosures, it will not supplement them or otherwise affect their scope nor will it constrain Plaintiff's expert opinion. To the extent Plaintiff's understanding of the basis for its infringement theory changes due to discovery or claim

---

[3] The Court notes that the parties' P.R. 4-2 deadline has passed. As of that date, Plaintiff should have supplemented its interrogatory response to answer inquiries related to its claim construction positions.

construction, Plaintiff need only supplement its answer as it would with an answer to any other interrogatory. Furthermore, Plaintiff should not be concerned that its answer will somehow impede its ability to adjust its infringement contentions after the Court's claim construction ruling. The Patent Rules explicitly provide that "[i]f a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires . . . that party may serve 'Amended Infringement Contentions' without leave of court that amend its 'Infringement Contentions' with respect to the information required by Patent R. 3-1 (c) and (d)." P.R. 3-6(a)(1).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion. The Court **ORDERS** Plaintiff to answer Interrogatory No. 5 by December 16, 2009, in accordance with this Order:

Plaintiff may answer requests 1, 3, and 4 of Interrogatory No. 5 by incorporating by reference its P.R. 3-1 disclosures.

To the extent request 2 of Interrogatory No. 5 sought claim construction positions, Plaintiff may answer by incorporating by reference its 4-2 disclosure.

To the extent request 2 of Interrogatory No. 5 sought information other than claim construction positions, Plaintiff should answer by providing a narrative of its infringement theory.

Plaintiff should answer request 5 of Interrogatory No. 5 by listing evidence and documents supporting its infringement contentions.

**So ORDERED and SIGNED this 9th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE